In The United States District Court
For The Northern District Of Illinois
Eastern Division

| | |
|---|---|
| Commodity Futures Trading Commission, Plaintiff, <br><br> vs. <br><br> Lake Shore Asset Management Limited, et al., Defendants. | Civil Action No: 07 C 3598 <br><br> Honorable Judge Manning <br> Magistrate Judge Mason |

## MOTION FOR RULE TO SHOW CAUSE WHY LAKE SHORE COMMON ENTERPRISE and PHILIP BAKER SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR VIOLATING THE PRELIMINARY INJUNCTION

The Plaintiff requests that this Court issue a Rule to Show Cause why the Lake Shore Common Enterprise and Philip J. Baker should not be held in contempt of court for violating the preliminary injunction in this case.

### SUMMARY

On August 28, 2007, this court entered an order that froze the assets of Lake Shore Alternative Financial Asset Funds I, II, III and IV that were on deposit at four futures commission merchants ("FCMs") including Lehman Brothers International Limited ("Lehman"), Fimat International Banque SA ("Fimat"), and Man Financial Limited ("Man"). Several entities that are part of the Lake Shore Common Enterprise and Hanford Investments Ltd. ("Hanford"), a company controlled by Philip Baker, filed a lawsuit in England seeking "repayment" of the assets held by the three FCMs to Lake Shore entities that are part of the common enterprise in violation of this Court's Order. Therefore, the Plaintiff is requesting that this Court issue a rule to show cause why the Lake Shore Common Enterprise and Philip Baker should not be held in contempt of court.

## FACTS

<u>The Preliminary Injunction</u>

On August 28, 2007, this Court entered its Memorandum and Order that found among other things:

1. "After carefully reviewing the facts in light of the relevant factors set forth above, the court concludes that the Lake Shore entities operated as a common enterprise." (p. 44)

2. "The reasonable inference is that Lake Shore Alternative Financial Asset Funds I, II, III, and IV are also all part of the Lake Shore common enterprise and inextricably related to Lake Shore Limited." (p. 46)

3. "Because the Lake Shore entities operated as a common enterprise...there is no meaningful distinction between any of these entities." (p. 47)

4. "Accordingly, the court has the power not only to enjoin the named defendant Lake Shore Asset Management Limited, but also the other Lake Shore entities that formed the common enterprise." (p. 47)

5. "...the only FCMs for any Lake Shore Funds (I.e., Lake Shore Alternative Financial Asset Funds I, II, III, and IV) are Fimat, Lehman, Man and Sentinel. Fimat, Lehman, and Man have all of the Lake Shore Alternative Financial Asset Funds' trading accounts." (p. 64)

6. "The Court believes that based on the present record, there is a substantial risk of harm to investors' financial interests if Lake Shore Limited is allowed to continue its present course of action." (p. 78)

7. "The court finds that due to the substantial risk of investor harm shown by the present record, an asset freeze is necessary not only to protect investors but also to prevent the potential dissipation of monies in the accounts." (p. 80)

8. "Defendant Lake Shore Limited, individually and as part of the Lake Shore common enterprise, and the Lake Shore common enterprise are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

> withdrawing, transferring, removing, dissipating, concealing or disposing of in any manner, any assets related to Lake Shore Alternative Financial Asset Funds I, II, III and IV, including but not limited to, all funds, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan accounts held by, under the control of, or in the name of Lake Shore Alternative Financial Asset Funds I, II, III, and IV." (pp. 84-5)

9. "The injunctive provisions of this order shall be binding on Lake Shore Limited and the Lake Shore common enterprise and any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Lake Shore Limited or the Lake Shore common enterprise and any person who receives actual notice of this order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Lake Shore Limited or the Lake Shore common enterprise." (p. 85)

10. "Philip Baker is the Managing Director, Principal and President of Lake Shore Limited...the co-founder and managing partner of the Lake Shore Group of Companies...the President and Secretary of Lake Shore Alternative Asset Ltd. ...and the Lake Shore Alternative Financial Asset Account. (p. 2)

11. Hanford Investments Limited ("Hanford") is operated by Philip Baker. (p. 72) Lake Shore failed to disclose its transfer of interest payments to Hanford. This was a conflict of interest that had to be disclosed. (p. 73)

The Claim in the British Courts

3

12. On September 21, five claimants, four of whom were found to be part of the Lake Shore Common Enterprise, and Hanford, filed a claim in the High Court of Justice in London, England, seeking the payment to them of the funds currently held by Lehman, Fimat and Man.

13. Specifically, in the first claim, Lake Shore Alternative Asset Account II Limited and Lake Shore Alternative Financial Asset Fund IV (now known as Geneva Corp Funds World Limited[1]), both part of the Lake Shore Common Enterprise, are seeking "repayment …or such transfer as [they] may direct, of all sums…" in the accounts at Man. This directly violates the preliminary injunction.

14. In the second claim, Lake Shore Alternative Financial Asset Fund IV Limited seeks "repayment to [it] or such transfer as [it] may direct of all sums…" in the accounts at Fimat. This directly violates the preliminary injunction.

15. In the third claim, Lake Shore Alternative Financial Asset Ltd., Lake Shore Alternative Financial Asset Account I Ltd., and Lake Shore Alternative Financial Asset Account II Ltd. seek to order Man to sell U. S. Treasury Bills held for the benefit of the pool participants in violation of preliminary injunction which prohibits the defendants, their officers and agents from disposing of, in any manner assets of the Funds.

16. In the fourth claim Lake Shore Alternative Financial Asset Ltd., Lake Shore Alternative Financial Asset Account I Ltd., and Lake Shore Alternative Financial Asset Account II Ltd. seeks to order Man to "repay to" Lake Shore Alternative Financial Asset Limited, Lake Shore Alternative Financial Asset Account I Limited and Lake Shore Alternative Financial Asset Account II Limited or "transfer as [they] may direct all sums…" on deposit at Man including the

---

[1] Renaming of Lake Shore Alternative Financial Asset Fund IV Limited raises questions in its own right about other possible contemptuous actions on the part of the defendants.

4

proceeds of the sale of the Treasury Bills referenced in paragraph 1. This is also in violation of the preliminary injunction.

17. In the fifth claim Hanford seeks to order the FCMs to make payments to it which appears to be a dissipation of the Funds' assets in violation of the asset freeze portion of the preliminary injunction and a further fraudulent act (undisclosed transfer) on the part of the Lake Shore Common Enterprise and Baker in violation of the substantive injunction prohibiting additional acts in violation of Section 4b of the Act.

18. Baker as an officer, agent, servant and employee of Lake Shore Asset Management Ltd and the Lake Shore Common Enterprise is bound by the terms of the common enterprise.

Wherefore, the Commission requests that the Court set a briefing schedule on this motion granting the Plaintiff 7 days to file its brief in support of its motion for a Rule to Show Cause, granting Defendant 7 days to respond and finally granting Plaintiff 3 days in which to reply. In addition, Plaintiff requests that this matter be set for hearing at the Court's earliest convenience.

Date: September 26, 2007

Respectfully submitted,

**s/ Rosemary Hollinger**
Rosemary Hollinger
Regional Counsel
A.R.D.C. No. 3123647


**s/ Ava M. Gould**
Ava M. Gould
Senior Trial Attorney
A.R.D.C. No. 06194202

Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661

5

(312) 596-0535 (Gould)  
(312) 596-0520 (Hollinger)  
(312) 596-0700 (office number)  
Fax (312) 596-0714

Case: 1:07-cv-03598 Document #: 158 Filed: 09/26/07 Page 6 of 6 PageID #:2724