# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, Plaintiff, | ) ) ) ) | |
| v. | ) ) | 07 C 3598 |
| LAKE SHORE ASSET MANAGEMENT LIMITED, et al., Defendants. | ) ) ) ) | |

## MEMORANDUM AND ORDER

On October 4, 2007, this court issued an opinion that: (1) initiated sanctions proceedings against Lake Shore Limited and its lead counsel based on the failure to comply with the document production and inspection portions of the court's August 28, 2007, preliminary injunction order, which was not stayed during the pendency of Lake Shore Limited's appeal from that order; (2) addressed a discovery dispute regarding the applicability of Swiss, Turks and Caicos, and British Virgin Islands' blocking laws to additional documents withheld by Lake Shore Limited (specifically, the SMA documents, which were outside the scope of the preliminary injunction order); and (3) appointed a receiver.

Under 28 U.S.C. § 1292(a)(2), orders appointing a receiver are immediately appealable. In addition, the order appointing the receiver contains an antisuit injunction, which is immediately appealable. *See Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 10 F.3d 425, 426 (7th Cir. 1993). Lake Shore Limited's emergency motion for a stay pending appeal of the portion of the order appointing a receiver is presently before the court. For the following reasons, and as set forth more specifically below, Lake Shore Limited's emergency request for a stay pending appeal is granted in part and denied in part.

**Discussion**

"A party seeking a stay pending appeal . . . must show that it has a significant probability of success on the merits; that it will face irreparable harm absent a stay; and that a stay will not injure the opposing party and will be in the public interest. *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006).

The court assumes familiarity with its October 4th opinion addressing the merits of the CFTC's motion for appointment of a receiver, as well as the accompanying order dated October 4, 2007, delineating the receiver's responsibilities. The opinion also discussed the status of document production required by the court's August 28, 2007, preliminary injunction order (in a nutshell, absolutely nothing has happened despite the Seventh Circuit's denial of Lake Shore Limited's motion for a stay pending appeal) and issued a rule to show cause at both Lake Shore Limited and its lead counsel, William Nissen, based on the document situation. In addition, it summarized other relevant proceedings, including a Canadian action where a receiver has been appointed and a lawsuit filed in England by various Lake Shore entities controlled by Philip Baker seeking immediate turnover of accounts held by the London FCMs despite this court's preliminary injunction order freezing those accounts.[1]

The court carefully balanced the relevant factors in its October 4th opinion granting the CFTC's request for the extraordinary relief of appointment of a receiver. In making this decision, the court exercised its discretion against a backdrop comprised of its extensive study of

---

[1] Additional sanctions proceedings are also being briefed. Specifically, the CFTC filed a motion seeking a finding of contempt against various Lake Shore entities and Philip Baker due to the filing of the English action because the assets sought in that action (the London FCM accounts) are frozen pursuant to the preliminary injunction order as well as an asset freeze entered by the National Futures Association.

the record, its knowledge of this case's complex procedural posture, Lake Shore Limited's history of refusing to comply with discovery orders, the existence of the London action, which was filed by other Lake Shore entities that are, like Lake Shore Limited, controlled by Philip Baker, and the need to represent the investors' interests in that proceeding. For the reasons discussed in the October 4th opinion, the court believes that Lake Shore Limited's likelihood of success on the merits of its appeal from the appointment order is virtually non-existent.

In this regard, the court also notes that this is an unusual case because normally, when exercising its discretion, the court chooses among several options which have various pros and cons. In contrast, the court considered all of the arguments raised by the parties and came to the firm and definite conviction that appointing a receiver was the only option which adequately addressed Lake Shore Limited's refusal to comply with the court's orders, its attempts to collaterally attack those orders, its efforts to thwart discovery regarding its work as a CTA and CPO for the Lake Shore Alternative Financial Asset funds, and the extremely serious prejudice to investors that will arise if the current situation continues.

With respect to any irreparable harm to Lake Shore Limited flowing from appointment of a receiver, it is true that appointing a receiver will prevent it from continuing to litigate this case and the pending appeals.[2] So, how serious is the loss of Lake Shore Limited's ability to continue to litigate this matter? As discussed in previous orders, the court believes that Lake Shore Limited does not have a meaningful chance of success on its appeal from the preliminary

---

[2] It may also prevent it from pursuing the British case. This is discussed in detail in § II(d)(2) of the court's October 4th order, so the court will not repeat its analysis here.

injunction. In addition, evidence presented after the issuance of that order strongly supports the court's findings in that order as well as the order appointing a receiver.

Moreover, Lake Shore Limited affirmatively created the situation requiring a receiver, due to its total failure to cooperate, its consistent efforts to subvert this court's orders, and its repetition of arguments that the court has repeatedly rejected in support of its refusal to comply with the court's orders. The court's October 4th order issuing a rule to show cause at both Lake Shore Limited and its counsel discusses this in detail. Any harm to Lake Shore Limited, therefore, is due to its own actions, so it cannot use those actions as both a sword and a shield. The court has also repeatedly noted that the assets in question belong to customers, not Lake Shore Limited, any other Lake Shore entity, or any principal in a Lake Shore entity. Requiring Lake Shore Limited to repay its investors and thus lose control over money that it is not entitled to keep is not a cognizable harm for purposes of a request for a stay pending appeal.

The public interest also strongly militates in favor of denial of a stay of the order appointing a receiver. Lake Shore Limited has, to date, flatly refused to accept this court's rulings. It has also raised shifting and conflicting arguments as necessary to advance the position of the moment. Moreover, the evidence presented at the preliminary injunction hearing supported a finding that the CFTC had a strong likelihood of succeeding on its claims of wide-ranging international commodities fraud involving U.S. markets and activities of CFTC-regulated entities (Lake Shore Limited and Lake Shore Inc.).

Next, the court has been prepared to address investor requests for release of the FCM assets (except those at Sentinel, which is in bankruptcy) since the moment it froze the assets to prevent dissipation. Lake Shore Limited has done everything in its power to thwart this goal.

Lake Shore entities controlled by the same people who control Lake Shore Limited are also currently attempting to gain control of investor money despite this court's preliminary injunction order freezing the relevant accounts, the Seventh Circuit's order denying a request for a stay pending appeal, and the NFA asset freeze covering those same accounts. The court also has extremely serious concerns about Lake Shore Limited's good faith in defending this action and preserving its records, as discussed at length in the court's October 4th order.

After balancing all of these factors, the court finds that staying the order appointing a receiver pending resolution of Lake Shore Limited's appeal is not only unwarranted, but also would cause delay that would irreparably harm the investors. The court recognizes, however, that Lake Shore Limited is entitled to an opportunity for meaningful interlocutory review of the order appointing a receiver. Accordingly, the court enters an interim stay of its October 4th orders appointing a receiver to maintain the status quo while the Seventh Circuit reviews Lake Shore Limited's renewed emergency motion for a stay pending appeal.

## Conclusion

Lake Shore Limited's emergency request for a stay pending appeal [#171] is granted in part and denied in part. Specifically, the court hereby issues an interim stay of its October 4th order appointing a receiver to maintain the status quo while the Seventh Circuit reviews Lake Shore Limited's renewed emergency motion for a stay pending appeal. If Lake Shore Limited fails to file such a motion with the Seventh Circuit by 12:00 noon on October 5, 2007, this court's interim stay will dissolve. The remaining relief requested by Lake Shore Limited is denied.

In the interest of heading off future disputes, the court clarifies that its interim stay order does not apply to the sanctions and discovery portions of the October 4th memorandum and order that also addressed the basis for the court's decision to appoint a receiver as these rulings are outside the scope of 28 U.S.C. § 1292(a).

DATE: October 4, 2007

*Blanche M. Manning*
Blanche M. Manning
United States District Judge