**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES COMMODITY** | ) | |
| **FUTURES TRADING COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **07 C 3598** |
| | ) | |
| **LAKE SHORE ASSET MANAGEMENT** | ) | |
| **LIMITED, et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

The court previously found Lake Shore Limited in civil contempt of court for failing to comply with the preliminary injunction order. The parties have briefed whether Philip Baker, Lake Shore Limited's Managing Director, Principal and President, should also be held in civil contempt of court based on his failure to comply with the preliminary injunction order. For the following reasons, the court answers this question in the affirmative and also finds that both Mr. Baker and Lake Shore Limited are in civil contempt of court for failure to comply with the receivership order.

The court will allow Mr. Baker to file a memorandum addressing the type and amount of sanctions to be issued against him for being in contempt of the preliminary injunction order, and will reserve the issue of sanctions against Lake Shore Limited based on the failure to comply with the preliminary injunction order until Mr. Baker files his memorandum or the date to do so has passed. The court will also reserve the question of sanctions against Mr. Baker and Lake Shore Limited based on their failure to comply with the receivership order until this matter is briefed. Finally, the court enters and continues the motion to substitute filed by James McGurk,

proposed new counsel for Lake Shore Limited, and directs Mr. McGurk to advise the court, by November 26, 2007, if he still wishes to file an appearance on behalf of Lake Shore Limited.

## I. Civil Contempt Based on the Failure to Comply with the August 28, 2007, Preliminary Injunction Order – Philip Baker

On November 9, 2007, the court found that Lake Shore Limited was in civil contempt of court based on its refusal to comply with the document production portions of the preliminary injunction order. In that order, the court issued a rule to show cause directed at Mr. Baker personally, noting that the rationale in its October 4, 2007, order which directed Lake Shore Limited to show cause why it should not be held in contempt based on its failure to comply with the preliminary injunction order appeared to apply with equal force to Mr. Baker. *See* Fed. R. Civ. P. 65(d) (a preliminary injunction is binding on "the parties to the action, their officers, agents, servants, employees, and attorney, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise").

The record shows that Mr. Baker is Lake Shore Limited's Managing Director, Principal and President. It further shows that he is aware of the preliminary injunction order and has refused to comply with it as, among other things, current counsel for Lake Shore Limited has advised the court that he promptly advised Mr. Baker, who is the only known person currently controlling Lake Shore Limited, when the stay of the preliminary injunction was denied, and told Lake Shore Limited that it was obliged to comply. Mr. Baker is subject to contempt sanctions in his individual capacity because he is responsible for Lake Shore Limited's refusal to comply with the preliminary injunction order. *See* Fed. R. Civ. P. 65(d); *see also International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 75-76 (1967).

The court gave Mr. Baker an opportunity to respond to the rule to show cause, but he declined to do so. The court thus holds that the findings in its November 9, 2007, order regarding Lake Shore Limited's failure to comply with the preliminary injunction order are equally applicable to Mr. Baker. He is, therefore, in civil contempt of the preliminary injunction order.

II.  **Civil Contempt Based on the Failure to Comply with the October 4, 2007, Receivership Order – Lake Shore Limited and Philip Baker**

   A.  **Lake Shore Limited**

This case has followed a disturbing trend: the court has ordered Lake Shore Limited to take specific actions and Lake Shore Limited, through Mr. Baker (and possibly others), has consistently and flatly refused to comply. The receivership order directed Lake Shore Limited to take actions necessary to effectuate the immediate turnover of books and records to the receiver and the transfer of investors' funds to the receiver. Current counsel for Lake Shore Limited forwarded copies of relevant documents, including the receivership order and correspondence from the receiver, to Mr. Baker and one of Lake Shore Limited's European lawyers (the record does not indicate the identity of the lawyer, but it appears to be Howard Kennedy, Lake Shore Limited's attorney in London). On November 5, 2007, Mr. Kennedy stated that Lake Shore Limited (through Mr. Baker) would not turn the London FCM assets over to the receiver but that he (Mr. Kennedy) would "write . . . again" once the Seventh Circuit issues its ruling on Lake Shore Limited's appeal from the preliminary injunction, which includes arguments about the reach of the Commodities Exchange Act. *See* Ex. L to the Receiver's Motion for a Rule to Show Cause (docket #290).

Thus, while compliance in the future is not completely foreclosed, compliance now is clearly not going to happen. This is completely unacceptable. The court will not repeat its previous statements, made in multiple orders, that when the Seventh Circuit denies a stay pending appeal, the losing party cannot use the pendency of its appeal to excuse non-compliance with this court's orders. Such a position would render the Seventh Circuit's order denying a stay pending appeal a nullity. In short, the only reason given for the refusal of Lake Shore Limited to comply with the receivership order is the pendency of the appeal from the preliminary injunction order, and this excuse is legally unfounded. Accordingly, the court finds that Lake Shore Limited is in civil contempt of the receivership order.

### B.     Philip Baker

Lake Shore Limited's decision not to comply with the receivership order was made by Mr. Baker (and possibly others, but that's an issue for another day as the evidence presented to date indicates that Mr. Baker is the responsible Lake Shore Limited principal). Under Rule 65(d), an injunction or restraining order is binding "upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d). According to the Supreme Court, Rule 65(d) is not limited to injunctions or restraining orders, as it also reaches "equitable decree[s] compelling obedience under the threat of contempt," such as "enforcement orders and affirmative decrees." *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. at 75-76. Thus, even if the receivership order is not an injunction (an issue that the court need not consider), it binds Mr. Baker

personally because he is a principal of Lake Shore Limited and because it expressly included him in its scope.

This conclusion is consistent with the Seventh Circuit's ruling in *Central States Pension Fund v. Wintz Properties, Inc.*, 155 F.3d 868 (7th Cir. 1998). In that case, the district court ordered the defendant company to make interim withdrawal payments in an ERISA case and eventually found the company and its president in contempt of court after the company failed to make the required payments. 155 F.3d at 873. Both the company and its president appealed, and the Seventh Circuit held that the order was functionally equivalent to an injunction because it "instructs [the company] to do something – pay the Fund what the statute requires – which after all is the point of an injunction." *Id*. at 873-74.

The Seventh Circuit then observed that the order compelling payments was directed at the defendant company as well as the company's president. *Id*. at 876. It thus found "the underlying injunction applicable to [the president], and his company's failure to comply with it his problem too." *Id*.; *see also Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 507 (8th Cir. 2000) (payment orders directed at defendant company were binding upon its corporate officer and could be used as the basis for contempt proceedings against the officer even though the orders did not specifically refer to him because there was "no question that [the officer] had notice of the orders" and the orders were within the scope of Rule 65(d) since they "compelled . . . affirmative, prospective obedience"); *State of Illinois by Illinois Dept. of Public Aid v. U.S. Dept. of Health and Human Services*, 772 F.2d 329, 332 (7th Cir. 1985) (Rule 65(d) was meant to prevent a defendant from avoiding an order by relying on nonparties who are legally identified with the defendant or who aid and abet the defendant in violating the court's order).

Here, the receivership order directed members of the Lake Shore Common Enterprise and any other associated person or entity served with a copy of the receivership order to turn over specific documents and funds and clarified that members of the common enterprise and "its agents, employees, independent contractors, attorneys and all other persons or entities served with a copy of this Order shall cooperate fully with and assist the Receiver in the performance of his duties." *CFTC v. Lake Shore Asset Management Limited*, No. 07 C 3598, docket no. 194, at §§ III & IV. There can be no colorable claim that Mr. Baker is unaware of the receivership order or, as Lake Shore Limited's Managing Director, Principal and President, that he is not personally bound by the receivership order. Therefore, his willful refusal to comply means that he is in civil contempt.

By November 28, 2007, the receiver shall, and the CFTC may, file memoranda addressing potential civil contempt sanctions against Lake Shore Limited and Mr. Baker based on the failure to comply with the receivership order. Lake Shore Limited and Mr. Baker shall respond by no later than December 5, 2007. If they do not do so, the court will rule without the benefit of their views.

**III.    Sanctions Flowing from the Court's Finding That Lake Shore Limited and Mr. Baker are in Civil Contempt Based on Their Refusal to Comply with the Preliminary Injunction and Receivership Orders**

With respect to the preliminary injunction order, the court did not order briefing of possible sanctions against Mr. Baker since when it ordered briefing of sanctions against Lake Shore Limited, it had not yet expressly found that Mr. Baker was personally in civil contempt of court based on his refusal to comply with that order. In the interests of judicial efficiency, the court will impose sanctions flowing from Lake Shore Limited and Mr. Baker's contempt of the

preliminary injunction order at the same time. Lake Shore Limited and Mr. Baker are also placed on notice that the court is considering, in addition to the sanctions requested by the CFTC, a coercive fine of a specified dollar amount for each day that Lake Shore Limited and Mr. Baker remain in civil contempt of court. This potential fine can be purged by compliance.

Therefore, by November 28, 2007, Mr. Baker may file a memorandum responding to the CFTC's request for sanctions based on the fact that he is in civil contempt of the preliminary injunction order. With respect to the receivership order, by November 28, 2007, the receiver shall, and the CFTC may, file memoranda addressing potential civil contempt sanctions against Lake Shore Limited and Mr. Baker based on their failure to comply with the receivership order. Lake Shore Limited and Mr. Baker shall respond by no later than December 5, 2007. Their responses should address the necessity of a coercive daily fine. In addition, both Mr. Baker and Lake Shore Limited may submit evidence to the court by this date regarding their financial resources. *See South Suburban Housing Center v. Berry*, 186 F.3d 851 (7th Cir. 1999). If they fail to submit these materials, the court will rule without the benefit of their views.

IV.     **Motion to Substitute**

Attorney James McGurk has filed a motion seeking leave to file an appearance as substitute counsel for Lake Shore Limited.[1] Mr. McGurk, the CFTC, and the receiver submitted briefs addressing whether Mr. McGurk (and any other proposed substitute counsel for Lake Shore Limited) would be paid from non-investor funds that are not part of the receivership estate.

---

[1] This motion is within the scope of the referral to the magistrate judge. However, the court ordered briefing and held a hearing regarding this motion when the assigned magistrate judge was unavailable. The court will thus rule on the motion, but notes that further non-dispositive motions should be noticed before the magistrate judge.

The record shows that Alexandre Schwab, an attorney in Switzerland, contacted Mr. McGurk and stated that he represented Lake Shore Limited. According to Mr. McGurk, Mr. Schwab told him that "the source of funds to pay his [Mr. McGurk's] retainer is a loan from a lender close to Philip Baker" and that "an attorney in Hamburg, Germany, George Schultz" would send the money to Mr. McGurk.

Mr. McGurk, the CFTC, and the receiver have been unable to agree as to whether this information provides a sufficient assurance that monies paid to Mr. McGurk are non-investor funds outside the scope of the receivership order. The court agrees that Mr. McGurk's representations, besides being multiple hearsay and thus inherently not subject to any sort of meaningful cross-examination, fail to provide even the most basic of details about the "loan from a lender close to Philip Baker," such as the identity of the lender. All the court knows is that an anonymous person is willing to tender money to an attorney in Germany (thus preserving his or her anonymity), which is then to be forwarded to Mr. McGurk, and that Mr. Schwab is unwilling to provide any additional details about the loan. This information fails to shed light on whether the loan is in fact from non-investor funds.

Mr. McGurk also argues that the CTFC and the receiver have asked him to make a greater good faith inquiry regarding the source of payment than he is required to do. He then asks the court to issue an order finding that he has made a sufficient inquiry into the source of payment and that he may retain funds used to compensate him even if they turn out to be investor funds. The focus on the thoroughness of Mr. McGurk's inquiry is, however, misplaced. If Lake Shore Limited wants to be represented in this case, it carries the burden of providing Mr. McGurk with adequate assurances regarding the source of funds used to compensate him. In other words, Lake

Shore Limited cannot provide limited and unverifiable information about the source of funds and then expect the court to hold that Mr. McGurk need not repay these funds later if they are found to belong to investors.

If Lake Shore Limited declines to provide Mr. McGurk with additional information about the "loan from a lender close to Philip Baker" channeled through a German lawyer, Mr. McGurk will have to decide whether the present record provides adequate comfort that his fees are being paid from non-investor funds. If he declines to take this risk, Lake Shore Limited has no one to blame but itself.

The court further finds that Lake Shore Limited has had more than adequate time to locate substitute counsel. Present counsel wishes to withdraw, and Lake Shore Limited cannot force it to remain as counsel of record indefinitely merely by not obtaining substitute counsel. Mr. McGurk shall advise the court as to his intentions by November 28, 2007. Regardless of the result, on that date, Sidley Austin may withdraw from its representation of Lake Shore Limited (although Mr. Nissen and the Sidley attorneys representing him must remain in this case until the sanctions proceedings against Mr. Nissen, which are still being briefed, are resolved).

## V.    Conclusion

The court previously found that Lake Shore Limited is in civil contempt of the preliminary injunction order. It further finds that Mr. Baker is in civil contempt of the preliminary injunction order. In the interests of judicial efficiency, the court will impose sanctions flowing from Lake Shore Limited and Mr. Baker's contempt of the preliminary injunction order at the same time. Thus, by November 28, 2007, Mr. Baker may file a responsive memorandum addressing sanctions as detailed in this order.

The court also finds that both Lake Shore Limited and Mr. Baker are in civil contempt of the receivership order. By November 28, 2007, the receiver shall, and the CFTC may, file memoranda addressing potential civil contempt sanctions against Lake Shore Limited and Mr. Baker based on their failure to comply with the receivership order. Lake Shore Limited and Mr. Baker shall respond by no later than December 5, 2007. Their responses should address the necessity of a coercive daily fine. In addition, both Mr. Baker and Lake Shore Limited may submit evidence to the court by this date regarding their financial resources. If they fail to submit any of these memoranda or materials, the court will rule without the benefit of their views.

Finally, Mr. McGurk's motion for leave to file an appearance on behalf of Lake Shore Limited [#297] remains under advisement. He shall advise the court as to his intentions by November 28, 2007. Regardless of the result, on that date, Sidley Austin's motion for leave to withdraw from its representation of Lake Shore Limited [#231] is granted, although Mr. Nissen and the Sidley attorneys representing him must remain in this case until the sanctions proceedings against Mr. Nissen, which are still being briefed, are resolved.


DATE: November 20, 2007 
_____
Blanche M. Manning
United States District Judge