**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, Plaintiff, | ) ) ) ) | |
| v. | ) ) | 07 C 3598 |
| LAKE SHORE ASSET MANAGEMENT LIMITED, et al., Defendants. | ) ) ) ) | |

## MEMORANDUM AND ORDER

This order is the latest installment in a series of orders addressing the refusal of defendant Lake Shore Asset Management Limited ("Lake Shore Limited") and Philip Baker, Lake Shore Limited's Managing Director, Principal and President, to comply with the court's August 28, 2007, preliminary injunction order and its October 4, 2007, receivership orders. Lake Shore Limited has explicitly refused to comply with the court's orders, Mr. Baker has declined to participate personally in this litigation, and the imposition of a $25,000/day coercive fine plus an award of the CFTC and the receiver's actual costs flowing from Lake Shore Limited and Mr. Baker's contumacious conduct has proven to be ineffective in prompting compliance.

For the following reasons, Lake Shore Limited and Mr. Baker are ordered to show cause why this matter should not be referred to the United States Attorney for investigation and possible prosecution of criminal contempt pursuant to Fed. R. Crim. P. 42. Responses to the rule to show cause are due by no later than December 28, 2007, at 12:00 noon. If Lake Shore Limited and/or Mr. Baker fail to respond, the court will rule without the benefit of their views.

**Background**

The court refers the reader to the summary of relevant facts in its orders holding Lake Shore Limited and Mr. Baker in civil contempt and imposing remedial and coercive civil contempt sanctions. *See Commodity Futures Trading Com'n v. Lake Shore Asset Management Ltd.*, No. 07 C 3598, Docket Nos. 299, 323 & 348. Following its imposition of sanctions, the court ordered Lake Shore Limited and Mr. Baker to file two mandatory status reports by no later than noon on December 14, 2007, and December 21, 2007. It also allowed, but did not require, the receiver and the CFTC to file status reports.

Lake Shore Limited filed a timely status report on December 14th and a late status report on December 21st, and Mr. Baker declined to respond.[1] Lake Shore Limited's status reports state that it has elected to rest on its previous arguments. The court has, of course, repeatedly rejected these arguments and the Seventh Circuit has denied Lake Shore Limited's request for a stay of this court's orders pending the resolution of its appeals. Lake Shore Limited also "confirmed that [it] will maintain the same position previously asserted" before this court and the Seventh Circuit. *See id.* at Docket Nos. 352 & 361.

According to the receiver's December 21st status report, "there has been no progress whatsoever" in response to the civil contempt sanctions levied by the court. *See id.* at Docket No. 359. The receiver also states that it has learned that on September 11, 2007, Lake Shore

---

[1] In the interests of completeness, the court also notes that in response to the court's statement that Lake Shore Limited failed to produce complete records for the U.S. investor, Lake Shore Limited asserts that it produced records for the U.S. investor. "Records" are not synonymous with "complete records." The court will not again repeat its analysis (first made in the preliminary injunction order and repeated in subsequent orders) as to why the records are incomplete.

Limited and Mr. Baker's counsel in Switzerland, Alexandre Schwab, directly participated in the transfer of Lake Shore Limited's documents from Bermuda to Switzerland in direct violation of the court's preliminary injunction order. In addition, the receiver's report states that Lake Shore Limited recently failed to produce a representative in response to the CFTC's Rule 30(b)(6) notice of deposition. Lake Shore Limited acknowledges in its second status report that it declined to make Mr. Baker available and that the CFTC intends to file a motion to compel if it does not provide a firm date for Mr. Baker's deposition by January 8, 2007.

## Discussion

The Supreme Court has held that "[w]hile a court has the authority to initiate a prosecution for criminal contempt, its exercise of that authority must be restrained by the principle that only the least possible power adequate to the end proposed should be used in contempt cases." *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 801 (1987) (internal quotations omitted). Thus, when confronted with contemptuous conduct, the court "should first consider the feasibility of prompting [compliance] through the imposition of civil contempt, utilizing criminal sanctions only if the civil remedy is deemed inadequate" because the "principle of restraint in contempt counsels caution" in the exercise of the court's powers. *Id*.

The need to cautiously exercise the court's contempt powers, however, does not require the court to turn a blind eye to deliberate and repeated flouting of the court's orders. The court ordered Lake Shore Limited to turn over documents as specified in the preliminary injunction and receivership orders. *See Commodity Futures Trading Com'n v. Lake Shore Asset Management Ltd.*, No. 07 C 3598, Docket No. 118, 192 & 194. It also ordered Lake Shore Limited to cooperate with the receiver by, among other things, taking actions necessary to effect

the immediate turnover of books and records and to transfer investor funds to the receiver. *Id*. at Docket No. 194. The preliminary injunction order applies with equal force to Mr. Baker and the myriad other related Lake Shore entities, all of whom have also refused to comply with the court's orders. *See* Fed. R. Civ. P. 65(d) (a preliminary injunction is binding on "the parties to the action, their officers, agents, servants, employees, and attorney, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise"); *Commodity Futures Trading Com'n v. Lake Shore Asset Management Ltd.*, No. 07 C 3598, Docket No. 194, at 5 (the receivership order binds the Lake Shore Common Enterprise and its agents, employees, independent contractors, attorneys and all other persons served with a copy of the order and requires them to cooperate with and assist the receiver in the performance of its duties).

The Seventh Circuit denied Lake Shore Limited's motion for a stay pending resolution of appeals from the preliminary injunction and receivership orders. *See Commodity Futures Trading Com'n v. Lake Shore Asset Management Ltd.*, No. 07-3057 & 07-3070 (Sept. 7, 2007) (unpublished order); *Commodity Futures Trading Com'n v. Lake Shore Asset Management Ltd.*, No. 07-3408 (7th Cir. Oct. 15, 2007) (unpublished order). Despite the denial of its motions for a stay pending appeal and the imposition of civil contempt sanctions, Lake Shore Limited, as well as other related Lake Shore entities and Lake Shore principal Philip Baker, have all refused to comply with the court's orders.

Criminal contempt "is a crime in the ordinary sense, and criminal penalties may not be imposed on someone who has not been afforded the protections the Constitution requires of such criminal proceedings." *International Union, United Mine Workers v. Bagwell*, 512 U.S. 821,

826-27 (1994). Civil and criminal contempt overlap in this case because the goal of criminal proceedings in this matter is not only to punish but also to coerce future obedience.

The court has previously detailed evidence demonstrating that Lake Shore Limited and Mr. Baker have notice of all of the court's substantive orders. *See id*. at 348. Lake Shore Limited and Mr. Baker have nevertheless made a conscious choice to disobey this court's orders. Substantial coercive civil contempt sanctions of $25,000/day have not prompted compliance. Indeed, they have had no discernable effect whatsoever. Similarly, the imposition of compensatory sanctions (the CFTC and receiver's actual costs flowing from Lake Shore Limited and Mr. Baker's contemptuous conduct) continue to accrue, yet Lake Shore Limited and Mr. Baker continue to be obdurate.

In sum, the court's orders directed at Lake Shore Limited and Mr. Baker have been an exercise in futility, as no matter how numerous and pointed the court's orders are, the response is the same: defiance. Criminal contempt is an extraordinary remedy, but the court is convinced, based on the entire record in this complex case, that ratcheting up the amount of civil contempt sanctions will lead to additional delay as opposed to compliance, and that justice will be best served at this point by considering whether to initiate criminal contempt proceedings.

Accordingly, Lake Shore Limited and Mr. Baker are ordered to show cause why this matter should not be referred to the United States Attorney for investigation and possible prosecution of criminal contempt pursuant to Fed. R. Crim. P. 42. The court notes that in the interests of justice, if the court refers this matter for criminal contempt proceedings, the clerk will be directed to assign any such proceedings by lot to a judge of this court other than the undersigned judge.

In the meantime, the $25,000/day fine against Lake Shore Limited and Mr. Baker, jointly and severally, will remain in place in the hope that the combination of financial sanctions and the threat of impending criminal contempt proceedings will prove to be efficacious. Lake Shore Limited and Mr. Baker will also continue to be jointly and severally liable for the CFTC and receiver's actual costs incurred as a result of their contumacious conduct.

## Conclusion

Lake Shore Limited and Mr. Baker are ordered to show cause why this matter should not be referred to the United States Attorney for investigation and possible prosecution of criminal contempt pursuant to Fed. R. Crim. P. 42. Responses to the rule to show cause are due by no later than December 28, 2007, at 12:00 noon. If Lake Shore Limited and/or Mr. Baker fail to respond, the court will rule without the benefit of their views. If the receiver wishes to pursue its request to bar Lake Shore Limited from filing any pleadings in this case as a sanction, it should file a motion and supporting memorandum.

DATE: December 21, 2007

*Blanche M. Manning*
Blanche M. Manning
United States District Judge