**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES COMMODITY | ) | |
| FUTURES TRADING COMMISSION, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | 07 C 3598 |
| | ) | |
| LAKE SHORE ASSET MANAGEMENT | ) | |
| LIMITED, et al., | ) | |
|     Defendants. | ) | |

**FINAL JUDGMENT ORDER OF
RESTITUTION AND CIVIL MONETARY PENALTY**

A renewed application for entry of a default judgment order resolving all outstanding issues, including imposition of restitution and civil monetary penalty, filed by plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") [Dkt. 910] is before the court.

In orders entered on April 24, 2008, September 17, 2008, and May 11, 2009, the court found all defendants were in default, entered judgment as to the liability of all defendants, and entered permanent injunctions against them. The court, having considered the entire record in this matter, including the CFTC's motion and supporting memorandum, finds that good cause exists for the entry of the relief requested and grants the CFTC's motion.

Accordingly, the Court hereby orders that judgment shall be and hereby is entered in favor of the CFTC and against defendants Lake Shore Asset Management Limited ("LSAM"); Philip Baker ("Baker"); Lake Shore Group of Companies, Inc., Ltd ("Lake Shore Group"); Lake Shore Alternative Financial Asset Account Ltd. a/k/a Lake Shore Alternative Financial Asset Ltd. ("LS Acct" or "LS Asset"); Lake Shore Alternative Financial Asset Account 1 Ltd.; ("LS Acct 1"); Lake Shore Alternative Financial Asset Account II Ltd.; ("LS Acct 2"); Lake Shore

Alternative Financial Asset Account III Ltd. ("LS Acct 3"); Lake Shore Alternative Financial Asset Fund Ltd. ("LS Fund 1"); Lake Shore Alternative Financial Asset Fund II Ltd. ("LS Fund 2"); Lake Shore Alternative Financial Asset Fund III Ltd. ("LS Fund 3"); Lake Shore Alternative Financial Asset Fund IV Ltd., currently known as Geneva Corporation Funds World Ltd. ("LS Fund 4"); Lake Shore Alternative Financial Asset Fund IV US, LLC ("LS Fund 4 -US"); Lake Shore Alternative Financial Asset Yen Fund 1 ("Yen Fund 1"); Lake Shore Alternative Financial Asset Yen Fund Limited Class II ("Yen Fund 2"); Lake Shore Alternative Financial Asset Yen Fund Limited Class III ("Yen Fund 3"); and Hanford Investments Ltd. ("Hanford") (collectively "Defendants") and imposes an order for restitution and civil monetary penalties as follows:

## I. RESTITUTION

### A. The Restitution Obligation

(1) Defendants' violations of the Commodity Exchange Act merit the award of restitution to the pool participants defrauded by Defendants. Defendants shall pay restitution in the amount of $274,148,513.40, plus post-judgment interest (the "Restitution Obligation"). Defendants are jointly and severally liable for payment of the Restitution Obligation. Defendants shall receive a dollar-for-dollar credit against their Restitution Obligation to the extent that the court-appointed Receiver, Robb Evans & Associates, is successful in recovering and distributing Receivership assets to Lake Shore's pool participants pursuant to the claims process established by this Court's Order of October 1, 2009 or any subsequent modifications to that Order. Accordingly, should the Receiver make distributions to pool participants pursuant to this Court's orders, Defendants' Restitution Obligation will be deemed satisfied by the amount of the distribution. Post-judgment interest shall accrue commencing on the date of entry of this

Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry this Order pursuant to 28 U.S.C. § 1961 (2006).

## B.  Continuation of Appointment of Receiver

(2)  To effect payment by Defendants and distribution of restitution made by them, as well as the collection and distribution of other monies that may be obtained by the Receiver, the Court continues the appointment of the Receiver beyond the entry of final judgment in this case until further order.  The Receiver is authorized to collect restitution payments from Defendants, and make distributions as set forth below and as approved by this Court.  The Court will continue to exercise jurisdiction in this matter to ensure compliance with its orders.

(3)  Defendants shall send their restitution payments under this Order by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Receiver, Robb Evans & Associates LLC, 11450 Sheldon Street, Sun Valley, California 91352, in care of Mr. Brick Kane, under cover letter that identifies the respective Defendant and the name and docket number of this proceeding.

(4)  The Receiver shall oversee Defendants' Restitution Obligation and, with the approval of this Court, is authorized to determine the manner for distribution of funds in an equitable fashion to pool participants.  In the event that the amount of restitution payments to the Receiver are of a *de minimis* nature such that the Receiver determines that the administrative costs of making a restitution distribution is impractical, the Receiver may, with Court approval, treat such restitution payments as civil monetary penalty payments, which the Receiver shall forward to the Commission following the instructions for civil monetary penalty payments set forth in Section II below.

(5) During the pendency of the Receiver Estate, to the extent that any funds accrue to the U.S. Treasury as a result of the Restitution Obligation in this Order, such funds shall be transferred to the Receiver for disbursement in accordance with the procedures set forth in the preceding paragraph.

### C. Closing of Receiver Estate and Future Restitution Payments

(6) Upon the petition by the Receiver to close the Receiver Estate, the Receiver shall simultaneously provide a final accounting to the Court and the Parties that, at a minimum, details; (i) an accounting of all of the Receivership Assets; and (ii) all distributions made to pool participants pursuant to the claims process established by this Court (the "Final Report"). The Receiver shall also send a copy of the Final Report to the Chief Financial Officer, Office of Financial Management, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

(7) This Court appoints the National Futures Association ("NFA") as Monitor to collect the Restitution Obligation after the Receiver Estate is closed. Because the Monitor is not being compensated for these services, and these services are outside the normal duties of the Monitor, NFA shall not be liable for any action or inaction arising from their appointment as Monitor, other than actions involving fraud.

(8) Following an order by the Court closing the Receiver Estate, Defendants shall send their restitution payments under this Order by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover of a letter that identifies the respective defendant as the payer, the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of

the cover letter and the form of payment to (a) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and (b) the Chief, Office of Cooperative Enforcement, at the same address.

(9) After the Receiver Estate is closed, the Monitor shall oversee Defendants' Restitution Obligation and, with the approval of this Court, is authorized to determine the manner for distribution of funds in an equitable fashion to pool participants. In the event that the amount of restitution payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative costs of making a restitution distribution is impractical, the Monitor may, with Court approval, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments set forth in Section II below.

(10) After the close of the Receiver Estate, to the extent that any funds accrue to the U.S. Treasury as a result of the Restitution Obligation in this Order, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth in the preceding paragraph.

## II. CIVIL MONETARY PENALTIES

(11) Defendants Baker and LSAM shall pay to the CFTC a civil monetary penalty in the amount of $33.9 million plus post-judgment interest (the "CMP Obligation"). Defendants Baker and LSAM are jointly and severally liable for payment of the CMP Obligation.

(12) Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of this Order pursuant to 28 U.S.C. § 1961(a).

(13) Baker's and LSAM's CMP Obligation is immediately due and owing.

(14) Baker and LSAM shall pay their CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

    Commodity Futures Trading Commission
    Division of Enforcement
    Accounts Receivable – AMZ 340
    E-mail Box – 9-AMC-AMZ-AR-CFTC
    DOT/FAA/MMAC
    6500 S. MacArthur Blvd.
    Oklahoma City, OK 73169
    (405) 954-5644

If payment is to be made by electronic funds transfer, Baker and LSAM shall contact Linda Zurhorst or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Baker and LSAM shall accompany payment of the CMP Obligation with a cover letter that identifies them and the name and docket number of this proceeding. Baker and LSAM shall simultaneously transmit copies of the cover letter and the form of payment to: a) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1151 21st Street, NW, Washington, DC 20581; and b) the Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

## III. ANCILLARY EQUITABLE RELIEF

### A. Application of Payments

(15) All payments by Baker and LSAM pursuant to this Order shall first be applied to satisfaction of the Restitution Obligation, consistent with the authority granted the Receiver in Section I above. After satisfaction of the Restitution Obligation in full, with the sole exception

of *de minimus* payments set forth above, payments by Baker and LSAM pursuant to this Order shall be applied to satisfy their CMP Obligation.

(16) Any acceptance by the Commission and/or the Receiver or Monitor of partial payment from Defendants of the Restitution Obligation and/or CMP Obligation shall not be deemed a waiver of Defendants' obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment from Defendants of any remaining balance.

### B. Prohibition on Transfer of Assets

(17) Defendants shall not transfer, or cause others to transfer, funds or other property to the custody, possession, or control of any members of their family or any other person or entity for the purpose of concealing such funds from this Court, the Commission, the Receiver or Monitor until the Restitution Obligation and the CMP Obligation set forth above have been satisfied in full.

### C. Notice

(18) All notices required by this Order shall be sent by certified mail, return receipt requested. Notices to the CFTC shall be sent to the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581. Defendants shall provide the CFTC with written notice of all changes to their contact telephone number(s) and/or mailing address(es) within ten (10) calendar days of the change(s).

### D. Jurisdiction

(19) The Court will continue to exercise jurisdiction in this matter to ensure compliance with its orders. This order shall be interpreted and enforced according to the Federal

Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, Eastern Division, and all provisions of the Commodity Exchange Act and Commission Regulations relating or referring to the obligations hereunder.

DATE:  November 10, 2011

_____
Blanche M. Manning
United States District Judge